IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Allen Wright, | ) C/A No.: 1:11-3307-TLW-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Dr. Bearden and Dr. Moore, | ) |
| Defendants. | ) |

Allen Wright ("Plaintiff"), proceeding *pro se* and in *forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Perry Correctional Institution ("PCI") and Tyger River Correctional Institution ("TRCI").[1] This matter is before the court on the summary judgment motion of defendants Bearden and Moore ("Defendants"). [Entry #28]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I. Factual Background

Plaintiff alleges that he has hammer toes in both feet and has previously had a vein-stripping procedure. Compl. at 4 [Entry #1]. Plaintiff complains that Dr. Bearden denied him prescribed treatment for his condition on December 23, 2011 and Dr. Moore denied him special sneakers, insoles, and inserts in April 2011. *Id*. at 3–4. According to

---

[1] Plaintiff is now incarcerated at Allendale Correctional Institution. [Entry #36].

the complaint, Plaintiff was forced to walk around in flip-flops, including outside in inclement weather, without adequate support and protection. *Id*. at 4. Although he was approved on June 7, 2011 to receive new sneakers, Plaintiff claims the delay has caused him pain, suffering, and humiliation. *Id*.

Defendants filed their motion for summary judgment on May 30, 2012. [Entry #28]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #29]. Plaintiff filed responses to Defendants' motion on June 11, 2012 and July 23, 2012. [Entry #28, #31]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

II. Discussion

    A. Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169-73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the

> Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

In *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990), the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994).

Here, it is undisputed that Plaintiff received medical care. On December 23, 2012, Plaintiff was seen at TRCI sick call requesting new sneakers, insoles, and inserts, and the medical records indicate his current sneakers were clean and without holes. [Entry #28-3 at 12]. He had also been advised in October that he could purchase his own shoes, as he was not considered indigent. *Id.* at 14. Plaintiff was transferred to PCI in February 2011 and reported to medical on March 10, 2011, complaining of leg and buttock pain and the need for new sneakers. *Id.* at 10. On March 24, 2011, a consult for new sneakers was sent to defendant Moore by the nurse practitioner at PCI, but was disapproved on March 31, 2011. [Entry #28-3 at 8; #35-5 at 1]. On June 6, 2011, Plaintiff complained again to medical that his old sneakers did not have adequate support and it was too painful to exercise. [Entry #28-3 at 4–5]. The nurse practitioner sent another consult indicating that Plaintiff's current sneakers were in ill repair and this request was approved on June 7, 2011. *Id.* at 4; Entry #35-6. It does not appear that Plaintiff has received the insoles and inserts he requested.

Plaintiff may disagree with the type and amount of medical care that he received, but it is undisputed that he was regularly seen by the medical staffs at TRCI and PCI. In addition, his demands for new sneakers were evaluated upon his requests, though they were ultimately denied prior to June 7, 2011. For instance, it was noted that the sneakers he was using during the time of his complaints were clean and appeared to be in good condition without holes. [Entry #28-3 at 12]. Although Plaintiff may disagree that the old sneakers provided adequate support, it is undisputed that the medical staff evaluated Plaintiff's complaints. Plaintiff has set forth no evidence, but for Defendants' failure to

provide him with the sneakers demanded, that defendants acted with intentional indifference to him.  Assuming without deciding that his medical needs were serious, Plaintiff has failed to meet his burden of showing that Defendants were deliberately indifferent to his needs. Instead, he has simply shown that he disagrees with their decisions prior to June 7, 2011 not to issue him new sneakers. Therefore, the undersigned recommends Defendants' motion for summary judgment be granted.

      C.     Plaintiff's Motion to Compel

If the district judge accepts the undersigned's recommendation, Plaintiff's motion to compel [Entry #31] will be rendered moot. Even if the motion were not moot, the undersigned notes that the motion would be denied because the information sought would not lead to the discovery of relevant information.  The ultimate issue in this case is whether Defendants' actions constitute deliberate indifference to Plaintiff's serious medical needs, which is a legal determination.  The material facts in this case are not in dispute, as the medical records show that Plaintiff complained about the need for new sneakers, insoles, and inserts on multiple occasions, he was examined by the medical staff at PCI and TRCI, and was denied new sneakers until June 7, 2011.  Plaintiff has not set forth a factual allegation that is in dispute and for which he needs discovery to prove. Additionally, there is no indication that the supplemental discovery requests would call into question any material fact in this case. Therefore, Plaintiff has not been prejudiced by Defendants' failure to respond to the supplemental discovery requested after the discovery deadline had expired.

III.   Conclusion

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment [Entry #28] be granted. If the district judge accepts this recommendation, Plaintiff's motion to compel will be rendered moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 21, 2012　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).